PER CURIAM.
The United States urges that we hold erroneous the trial court’s ruling that the appellee, Nelson L. Whyte, had a claim superior in dignity to its claim for internal revenue taxes.
Whyte was the owner of a mortgage given by Coast Cities Coaches, Inc. This mortgage purported to cover all assets of the corporation “including all of the real and personal property which the mortgagor may own or hereafter acquire.” Upon foreclosure of the mortgage a receiver was appointed to preserve the assets of Coast Cities. A final decree of foreclosure was entered on August 12, 1966, and a foreclosure sale was held on August 29, 1966. Whyte was the successful bidder. The receiver was discharged on September 9, 1966. Thereafter checks payable to the order of Coast Cities were sent to the receiver. These checks represented refunds of (1) casualty claims, and (2) state and federal fuel taxes paid by Coast Cities prior to the foreclosure action. The discharged receiver was reinstated on December 30, 1966 to take control of the checks already sent to him and of any other funds which might be sent to him or to Coast Cities.
On September 1, 1966, the United States filed a notice of tax lien for internal revenue taxes which had been assessed against Coast Cities on June 6, 1966. Upon Whyte’s application to require the receiver to pay over the funds in his possession, the trial court ruled that Whyte’s claim was paramount to the Government’s tax lien.
The Government relies upon two points for reversal. One urges that the after acquired property clause in the mortgage is invalid. This point is not a basis for reversal, because it affirmatively appears in the record that the payments received by the receiver after his discharge were not after acquired assets. It is clear the refunds were simply late payments of ordinary business assets of Coast Cities. Ordinary business assets may be mortgaged. See 15 Am.Jur.2d, Chattel Mortgages, § 21.
Under its other point the Government urges that “the federal tax lien here was recorded at a time when the future assets which the mortgage attempted to secure were not yet in being or identified [and were therefore inchoate].” We think this theory is completely refuted by Hammes v. Tucson Newspapers, Inc., 324 F.2d *473 101 (9th Cir. 1963). In that case the court stated that if the property subject to a lien is an unconditional present right to receive money in the future, the lien is not inchoate.
Affirmed.